UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN DOES 1-29,<br><br>                    Defendants. | NO:  13-CV-0115-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY |

BEFORE THE COURT is Plaintiff's *Ex Parte* Motion to Expedite Discovery (ECF No. 4) and Motion to Expedite (ECF No. 5).  This matter was heard on an expedited basis without oral argument.  The Court has reviewed the motion and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff Elf-Man, LLC ("Plaintiff") has sued a group of as-yet unidentified defendants for copyright infringement.  In the instant motion, Plaintiff seeks leave to conduct limited discovery for the purpose of ascertaining each individual defendant's identity through his or her Internet Protocol ("IP") address.  Plaintiffs

ORDER GRANTING MOTION FOR LIMITED EXPEDITED DISCOVERY ~ 1

propose to issue third-party subpoenas to the Internet Service Providers ("ISPs") which own the IP addresses listed in the Complaint, with instructions to provide Plaintiff with the name, address, telephone number and email address of the person(s) assigned to each IP address. According to Plaintiff, this is the only available means of identifying the persons responsible for the alleged copyright infringement.

## DISCUSSION

A party seeking expedited discovery prior to a Rule 26(f) discovery conference must demonstrate good cause to take the requested discovery. Fed. R. Civ. P. 26(d)(1); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

Federal district courts have routinely found that good cause exists to take expedited discovery for the very purpose advanced in the instant motion: to identify "John Doe" defendants from their IP addresses via subpoenas issued to the defendants' ISPs. *See, e.g.*, *Warner Bros. Record, Inc. v. Does 1-14*, 555 F. Supp. 2d 1, 2 (D. D.C. 2008); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241-42 (S.D. N.Y. 2012); *Patrick Collins, Inc. v. Does 1-79*, 286 F.R.D. 160, 163 (D. Mass. 2012); *Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171-72

ORDER GRANTING MOTION FOR LIMITED EXPEDITED DISCOVERY ~ 2

(S.D. N.Y. 2012). As these cases have explained, good cause exists in this situation because "the Plaintiff has no other means of determining the identity of its defendants." *Patrick Collins*, 286 F.R.D. at 163.

Having reviewed the Complaint and the motion in their entirety, the Court finds that Plaintiff's request for expedited discovery is supported by good cause. Plaintiff has established a *prima facie* case of copyright infringement and cannot proceed with its case until the John Doe defendants are identified. The only means of identifying the John Doe defendants is through the records maintained by their ISPs. Further, the prejudice to the responding parties is slight. Each ISP need only (1) notify the subscriber in question of its intent to disclose his or her identifying information to the Plaintiff; (2) obtain the subscriber's name, address, telephone number and email address from its database; and (3) provide this information to the Plaintiff. Plaintiff's motion for expedited discovery is granted on the terms set forth below.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's *Ex Parte* Motion to Expedite Discovery (ECF No. 4) and Motion to Expedite (ECF No. 5) are **GRANTED**.

2. Elf-Man, LLC may serve each ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with subscriber identifying information of all parties to whom an IP addresses listed in Exhibit 1 to the Complaint has been assigned. The

information disclosed by the ISP shall be limited to the true name, address, telephone number and e-mail address of the identified subscriber(s).

3. Elf-Man, LLC may also serve a Rule 45 subpoena in the same manner described above on any ISP to which an IP address listed in Exhibit 1 to the Complaint has been sub-assigned. The ISP to which the IP address has been sub-assigned shall comply with the subpoena in the manner described above.

4. Information provided in response to a subpoena shall not include photographs, emails, or the content of communications which may be subject to the Stored Communications Act, 18 U.S.C. § 2701, *et seq*. The information provided shall be limited to the subscriber's true name, address, telephone number and e-mail address as set forth in paragraph two of this Order.

### NOTICE TO CABLE OPERATORS
**(Cable Communications Policy Act of 1984)**

5. Any subpoenaed entity which qualifies as a "cable operator," defined by 47 U.S.C. § 522(5) as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system," **must provide the subscriber with notice of this Order pursuant to 47 U.S.C. § 551(c)(2)(B).  Notice shall be given in writing and shall be**

**served upon the subscriber via first class mail sent to the subscriber's last known address within five (5) business days of the date of service of the subpoena.**

6.   Any subscriber who wishes to contest a subpoena must file in this Court a motion to quash **at least five (5) business days prior to the return date of the subpoena**, which return date shall be no earlier than thirty (30) days from the date of service.

7.   Any ISP that wishes to contest a subpoena must file in this Court a motion to quash prior to the return date of the subpoena, which return date shall be no earlier than thirty (30) days from the date of service.  The subpoenaed entity shall preserve all subpoenaed information pending delivery of such information to Elf-Man, LLC's counsel, or the final resolution of a timely filed motion to quash the subpoena regarding that information.

8.   A copy of this Order shall be served with all subpoenas.

9.   Any subpoenaed entity may invoice Elf-Man, LLC's counsel for reasonable costs incurred in responding to subpoenas issued pursuant to this Order.  Elf-Man, LLC is directed to pay all such reasonable costs in a timely manner.

10.   Plaintiff shall limit its use of any information obtained via subpoena to the purposes identified in its motion.

//

ORDER GRANTING MOTION FOR LIMITED EXPEDITED DISCOVERY ~ 5

1 The District Court Executive is hereby directed to enter this Order and

2 provide copies to counsel.

3   **DATED** April 15, 2013.



THOMAS O. RICE
United States District Judge