UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN DOES 1-29,<br><br>                Defendants. | NO:  13-CV-0115-TOR<br><br>ORDER DENYING MOTIONS<br>TO QUASH |

BEFORE THE COURT are Motions to Quash filed by John Does 1, 3, 11, 13[1] and 15 (ECF Nos. 7, 16, 8, 11 and 15, respectively).  These matters were

---

[1] John Doe #13 is identified in his/her motion to quash as John Doe #4.  *See* ECF No. 11.  The IP address referenced in the motion, however, corresponds to John Doe #13 in Exhibit 1 to Plaintiff's Complaint.  *See* ECF No. 1-1.  To avoid confusion, the Court will refer to this defendant as John Doe #13.

ORDER DENYING MOTIONS TO QUASH ~ 1

submitted for consideration without oral argument.  The Court has reviewed the

briefing and the record and files herein, and is fully informed.

## BACKGROUND

On April 15, 2013, the Court granted Plaintiff leave to conduct expedited

discovery via third-party subpoenas issued to the Internet Service Providers

("ISPs") of the twenty-nine John Doe Defendants.  ECF No. 6.  Five of the John

Doe Defendants have since moved to quash the subpoenas for a variety of reasons.

The Court will address two arguments advanced by multiple Defendants in the

aggregate before proceeding to address the arguments unique to each Defendant.

## DISCUSSION

### A. Joinder

Permissive joinder of defendants is governed by Federal Rule of Civil

Procedure 20(a)(2).  The rule provides, in relevant part:

> Persons . . . may be joined in one action as defendants if (A) any right
> to relief is asserted against them jointly, severally, or in the alternative
> with respect to or arising out of the same transaction, occurrence, or
> series of transactions or occurrences; and (B) any question of law of
> fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  In more general terms, the rule requires that a plaintiff's

claims against each defendant (1) arise from the same transaction or occurrence;

and (2) present a common question of law or fact.  *See League to Save Lake Tahoe*

*v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

ORDER DENYING MOTIONS TO QUASH ~ 2

The purpose of Rule 20(a) "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Charles A. Wright, *et al.*, *Federal Practice & Procedure* § 1652 (April 2013 database update). In contrast to the rule governing compulsory joinder of parties, *see* Fed. R. Civ. P. 19, Rule 20(a) is not designed to promote full and final resolution of disputes among all interested parties. Rather, Rule 20(a) is simply a procedural device "under which the demands of several parties arising out of the same litigable event may be tried together, thereby avoiding the unnecessary loss of time and money to the court and the parties that the duplicate presentation of evidence relating to facts common to more than one demand for relief would entail." *Id.* In other words, the rule allows joinder of parties "whose presence is procedurally convenient but is not regarded as essential to . . . complete disposition of any particular claim." *Id.*

Here, several Doe Defendants argue that joinder is improper because the Plaintiff's claims do not satisfy Rule 20(a)(2)'s same transaction or occurrence requirement. Specifically, Defendants assert that downloading files from the internet using a "BitTorrent" file-sharing protocol does not, at least from a technical standpoint, amount to a "series of transactions or occurrences" within the meaning of Rule 20(a)(2). Defendants further contend that joinder is improper because there has been no allegation that they actually shared copyrighted material among themselves—*i.e.*, that they were part of the same BitTorrent "swarm."

ORDER DENYING MOTIONS TO QUASH ~ 3

The issue of whether using a BitTorrent client to download copyrighted material provides a valid basis for joining multiple defendants has divided district courts across the country.  *Compare*, *e.g.*, *Malibu Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628, 631-32 (E.D. Va. 2012) (finding joinder improper in the absence of evidence that Doe defendants had actually shared portions of the copyrighted work among themselves), *with Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 451-52 (D. Mass. 2011) (finding joinder proper based on allegation that Doe defendants had participated in a "swarm" of illegal downloading activity).  The cases deciding this issue one way or the other are too numerous to count, and, as far as the Court can discern, no majority view has emerged.

Having reviewed the allegations in the Complaint, the Court finds that joinder is appropriate.  Plaintiff has alleged that Defendants "used BitTorrent in a *collective* and often *interdependent* manner via the internet" to infringe upon its copyright.  Pl.'s Compl., ECF No. 1, at ¶ 45 (emphasis added).  In support of its assertion that the Defendants acted "collectively" and "interdependently," Plaintiff alleges as follows:

> Files downloaded [using the BitTorrent protocol] are downloaded in hundreds of individual pieces.  Each piece that is downloaded is immediately thereafter made available for distribution to other users seeking the same file.  The effect of this technology makes every downloader also an uploader of the content.  This means that *every*

*user who has a copy of the infringing media or content on a torrent network is also a source for others to download that media or content.*

\*   \*   \*

The effect of this distributed network of users all downloading and uploading the same file creates what is commonly known as a "swarm" wherein users operate collectively to copy and distribute media content.

\*   \*   \*

Thus, a Defendant's distribution of even a single unlawful copy of the motion picture can result in the nearly instantaneous worldwide distribution of that single copy to an unlimited number of people.  In this case, *each Defendant's copyright infringement built upon the prior infringements, in a continuing cascade of infringement* going forward.

Pl.'s Compl., ECF No. 1, at ¶¶ 53, 55, 58 (emphasis added).

At this stage of the litigation, the Court must accept the allegations above as verities.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Accepted as true, these allegations satisfy Rule 20(a)(2)'s permissive joinder requirements.  Each Doe Defendant is alleged to have infringed upon Plaintiff's copyright in a manner which necessarily (1) built upon past infringement; and (2) perpetuated future infringement.  This alleged conduct is, in a very real sense, a "series of transactions or occurrences."  The fact that the Doe Defendants were not the *only* persons alleged to have participated in the so-called "swarm" (or that they may have participated in technologically distinct "swarms,") is irrelevant; what matters is that each Defendant is alleged to have *directly contributed* to the Plaintiff's

ORDER DENYING MOTIONS TO QUASH ~ 5

alleged injuries.  Accordingly, the Court finds that joinder of the twenty-nine Doe
Defendants is proper at this time.

Finally, the Court notes that Plaintiff has unequivocally agreed to proceed
individually against any Defendant who claims to have been prejudiced as a result
of being joined together with the other defendants.  *See* ECF No. 1 at ¶ 36 ("Notice
is provided, that on being specifically identified and on request from an identified
Defendant, Plaintiff agrees to sever any Defendant that claims prejudice in being
joined in this matter and to proceed against each such Defendant individually.").
The Court finds that this offer, which effectively allows each Defendant to sever
the claims against him or her unilaterally, adequately addresses the vast majority of
concerns raised by the Doe Defendants in the instant motion.  Any Defendant who
wishes to proceed individually shall file and serve upon Plaintiff a "Motion to
Sever."  Barring unforeseen circumstances, any such motion will be granted as a
matter of course.

### B.  Abuse of the Judicial System

Several Doe Defendants have also argued that Plaintiff is attempting to use
the judicial system to extort quick settlements from unsophisticated litigants and
that it has no intention of actually litigating its claims.  These arguments are not
supported by the existing record.  Plaintiff does not appear to have engaged in any

abusive practices to date, and the Court declines Defendants' invitation to assume that it will do so in the future.

### C. John Doe #1

John Doe #1 has not raised any arguments other than the joinder argument addressed above.

### D. John Doe #11

In addition to the joinder and abuse of judicial process arguments addressed above, John Doe #11 argues that (1) the Court lacks personal jurisdiction over him/her; (2) he/she would suffer a "reputational injury" if the subpoena is not quashed; and (3) the information sought is not relevant to Plaintiff's claims.  ECF No. 8.

Assuming for the sake of argument that the Court presently lacks personal jurisdiction over John Doe #11, that fact has no bearing on whether the subpoena at issue should be quashed.  Moreover, the Court granted Plaintiff's motion for early discovery due to the fact that Plaintiff could not establish personal jurisdiction over the Doe Defendants without access to the account records maintained by their ISPs. ECF No. 6 at 2-3.

There is no basis for quashing the subpoena due to an alleged "reputational injury."  To whatever extent John Doe #11 will be stigmatized as a result of being named as a defendant in this lawsuit, the stigma does not warrant dismissal of the

claims against him/her.  John Doe #11, as well as his employer, can rest assured that the allegations against him/her remain unproven and that he/she will be afforded an opportunity to defend against them at the appropriate time.

Finally, for the reasons stated in the Court's April 15, 2013 order granting Plaintiff's motion for expedited discovery (ECF No. 6), the information sought in the subpoena is relevant to Plaintiff's claims.

John Doe #11's motion to seal (ECF No. 9) is **DENIED** as moot.  There is presently no personally identifying information in the record as to John Doe #11.

### E.  John Doe #13

John Doe #13 argues that (1) the subpoena should be quashed because it is "unreasonable and very vague"; (2) a number of third parties could have accessed his/her wireless router; and (3) he/she lacks funds to defend against this lawsuit. ECF No. 11.

The subpoena issued to John Doe #13's ISP is neither unreasonable nor vague.  John Doe #13's assertions to the contrary appear to stem from his/her lack of knowledge about the subject matter of the case.  *See* ECF No. 11 at 1 ("Please excuse me from this lawsuit as I have no idea what it is even for.").

The fact that someone other than John Doe #13 may have infringed upon Plaintiff's copyright using John Doe #13's IP address is a valid defense to the claim against him/her.  It is not, however, a valid reason to quash the subpoena.

ORDER DENYING MOTIONS TO QUASH ~ 8

To the extent that John Doe #13 lacks funds necessary to hire an attorney, he/she may elect to represent himself/herself *pro se*.  The Court will consider his/her arguments and evidence in the same manner as the arguments and evidence submitted by licensed attorneys.

### F.  John Doe #3 and John Doe #15

In addition to the joinder and abuse of judicial process arguments addressed above, John Does #3 and #15 argue that this action should be stayed pending resolution of a joinder challenge currently pending in a companion case in the Western District of Washington.  ECF Nos. 15, 16.

The fact that similar arguments have been made in a companion case pending before Judge Lasnik in the Western District does not warrant a stay of these proceedings.  Although both cases involve similar claims, the cases need not proceed in perfect harmony.  This is particularly true with respect to procedural matters like those implicated by a permissive joinder challenge, as both this Court and Judge Lasnik are vested with broad authority to manage their dockets.

**IT IS HEREBY ORDERED:**

1. The Motions to Quash filed by John Does 1, 3, 11, 13 and 15 (ECF Nos. 7, 16, 8, 11 and 15, respectively) are **DENIED**.

2. The Motion to Seal filed by John Doe #11 (ECF No. 9) is **DENIED** as moot.

ORDER DENYING MOTIONS TO QUASH ~ 9

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, and transmit copies to John Does 1 and 11 at their email addresses of record.

**DATED** July 12, 2013.

THOMAS O. RICE
United States District Judge