1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL P. MATESKY, II                HONORABLE THOMAS O. RICE
(WSBA# 39586)
MATESKY LAW PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph:  206.701.0331
Fax: 206.701.0332
Email: mike@mateskylaw.com;
        litigation@mateskylaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>CHARLES BROWN, et. al.,<br><br>                Defendants. | NO.  2:13-CV-00115-TOR<br><br>MOTION TO DISMISS, OR FOR MORE DEFINITE STATEMENT, BY DEFENDANTS JOSEPHINE GEROE AND DAVID STARR<br><br>With Oral Argument: January 16, 2014; 1:30pm, Spokane, WA |

Motion to Dismiss

1
2

## DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

3      Defendants Josephine Geroe and David Starr ("Defendants"), through

4   counsel, hereby move the court to dismiss Plaintiff's First Amended Complaint

5
6   (ECF No. 26) ("FAC") with prejudice for failure to state a claim on which relief

7   may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for a

8   more definite statement pursuant to Fed. R. Civ. P. 12(e).

9

10                          ## MEMORANDUM IN SUPPORT

11  ## I.      INTRODUCTION

12

13      Plaintiff's FAC should never have been filed.  It alleges two alternative

14  theories, neither of which satisfies Fed. R. Civ. P. 11.   Plaintiff alleges that each

15
16  Defendant either (1) engaged in unauthorized sharing of Plaintiff's movie, thereby

17  committing direct and contributory copyright infringement, or (2) signed up for an

18  Internet account, which somebody ended up using to infringe Plaintiff's copyright,

19
20  and therefore committed "indirect" infringement.  The first alternative has no

21  evidentiary basis, and the second has no legal basis.  Both failures merit dismissal,

22  but this motion deals with the latter.

23

24      A plaintiff who offers equivocal, alternative allegations fails to state a claim

25  for relief if any one of the alternatives is an insufficient basis for relief.  In other

26
27  words, if a plaintiff alleges that a defendant did A, B, C, and/or D, and "D" is not a

28

Motion to Dismiss - 1
© 2013 Matesky Law

1  basis for a valid legal claim, then the plaintiff fails to state a claim.  That is what

2  Plaintiff has done here.  The Supreme Court and the Ninth Circuit have set forth

3
4  tests a plaintiff must meet in order to hold a defendant liable for infringement

5  committed by a third party, and Plaintiff's alternative allegations do not meet these

6  tests.  More specifically, Plaintiff's allegation that Defendants signed up for an

7
8  Internet account and <u>somebody</u> ended up using the account for infringing purposes

9  does not state a valid claim.  Accordingly, Plaintiff's FAC fails to state a claim and

10  should be dismissed.  Alternatively, Plaintiff should at least be forced to submit a

11
12  more definite statement clarifying what it alleges each Defendant actually did.

13  **II.    <u>BACKGROUND</u>**

14
15          Plaintiff's litigation strategy is no secret.  Plaintiff claims to have monitored

16  online sharing of movies via BitTorrent technology, and to have identified IP

17  addresses that were involved in such sharing.  Plaintiff then requested permission

18
19  to serve subpoenas on the Internet service providers ("ISPs") that provided such IP

20  addresses, so that Plaintiff could obtain the identity and contact information of the

21
22  subscribers named on the accounts associated with such IP addresses.

23          Plaintiff told the Court, *ex parte*, that "[t]he ISP uses the IP address to

24  <u>specifically identify each person using the internet</u> th[r]ough the ISP to transmit

25
26  and receive data."  (Pl.'s First Mot. to Expedite Discovery (ECF No. 4) at 2

27
28  Motion to Dismiss - 2
   © 2013 Matesky Law

1    (emphasis added).)  This is not true.  *See Elf-Man, LLC v. Does 1-152*, 2:13-cv-

2    507-RSL, slip. op. at 6-7 (W.D. Wash. Aug. 7, 2013).  Rather, "it is no more likely

3
4    that the subscriber to an IP address carried out a particular computer function . . .

5    than to say an individual who pays the telephone bill made a specific telephone

6    call'…In fact, it is less likely."  (*Id.* (quoting *In re BitTorrent Adult Film Copyright*

7
8    *Infringement Cases,* 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012)) (internal

9    citations omitted).)  Plaintiff has been warned about the dubious basis for alleging

10   that a subscriber committed any infringement associated with his or her account.

11
12   *Id.* at 7 ("It is not clear that plaintiff could, consistent with its obligations under

13   Fed. R. Civ. P. 11, make factual contentions regarding an internet subscriber's

14   infringing activities based solely on the fact that he or she pays the internet bill.").

15

16       Undeterred, Plaintiff forged ahead, named account subscribers as

17   defendants, and served its FAC on these subscribers.  Plaintiff also added a

18   distinction between its first and second claims (copyright infringement and

19   contributory copyright infringement), and its third claim ("indirect infringement").

20
21   Plaintiff stated that its third claim for relief was stated "in the alternative" pursuant

22   to Fed. R. Civ. P. 8(d)(2).  (FAC at 23.)  In other words, each Defendant directly

23   shared Plaintiff's movie (thereby committing direct and contributory copyright

24
25   infringement), **or** maybe each Defendant merely "obtained internet access through

26

27   Motion to Dismiss - 3
28   © 2013 Matesky Law

1   an ISP and permitted, facilitated and/or promoted the use of the internet access

2   identified with the specific IP address for the infringing of Plaintiff's exclusive

3
4   rights…" (thereby committing unspecified "indirect" infringement).  (*Id.*)

5          Put simply, despite all its dire language regarding for-profit piracy,

6   Plaintiff's FAC only alleges that each Defendant signed up for an Internet account

7
8   and somehow failed to prevent the account from being used to infringe.

9   **III.    LEGAL ARGUMENT**

10
11         Plaintiff's FAC fails to state a valid claim for relief because Plaintiff fails to

12   adequately plead facts needed to hold Defendants secondarily liable for copyright

13
14   infringement.  Where a pleading contains allegations merely "consistent" with a

15   valid claim, but also inherently concedes the possibility of facts that do not support

16   the claim, such pleading cannot survive a motion to dismiss.  *See Patterson v.*

17   *Novartis Pharms. Corp*., No. 10-5886 (6th Cir. Aug. 23, 2011) (citing *Ashcroft v.*

18
19   *Iqbal*, 556 U.S. 662, 679 (2009)).[1]  Plaintiff alleges a series of alternative

20   possibilities for each Defendant, including that the Defendants merely signed up

21
22   for an Internet account and that some unknown third party used the account to

23   infringe Plaintiff's copyright.  Binding case law does not permit holding a

24
25   defendant liable for another's infringement unless the defendant intentionally

26
27   1  Copies of all unpublished cases cited herein are submitted as attachments hereto.
    Motion to Dismiss - 4
28   © 2013 Matesky Law

1  encouraged such infringement or had a financial interest in the infringement.

2  Because Plaintiff fails to adequately allege these necessary elements, Plaintiff fails

3
4  to state a valid claim for relief, and Plaintiff's FAC should be dismissed.

5          A.    **Legal Standard for Motion to Dismiss**

6          A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted

7
8  where there is a "failure to state a claim upon which relief can be granted."  In

9  order to state a claim under Rule 8(a), a complaint must contain a "short and plain

10
11 statement of the claim showing that the pleader is entitled to relief."  *Iqbal*, 556

12 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)); *see also Chubb Custom Ins. Co. v.*

13 *Space Systems/Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013) ("Dismissal is proper

14
15 when the complaint does not make out a cognizable legal theory or does not allege

16 sufficient facts to support a cognizable legal theory.")

17
18         Detailed factual allegations are not necessary.  Nonetheless, "[t]o survive a

19 motion to dismiss, a complaint must contain sufficient factual matter, accepted as

20 true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 677

21
22 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A pleading

23 that merely "offers 'labels and conclusions' or 'a formulaic recitation of the

24 elements of a cause of action will not do.'…Nor does a complaint suffice if it
25

26

27
28

Motion to Dismiss - 5
© 2013 Matesky Law

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In other words, Plaintiff's FAC must set forth sufficient factual allegations— in contrast to naked assertions or legal conclusions—that make the claim not merely possible, but plausible.  Allegations that are "merely consistent with" a valid claim for relief are not enough.  *Id.*

## A.    Rule 8(a) and Plaintiff's Alternative Hypothetical Allegations

To apply the standard of *Iqbal* and *Twombly*, it is critical to identify what Plaintiff has and has not alleged.  Plaintiff has pleaded a series of equivocal, alternative factual allegations and legal claims.  For example, Plaintiff does not allege that Defendants have copied Plaintiff's movie.  Rather, Plaintiff alleges that each Defendant has copied plaintiff's movie…or maybe done something else on a long list of potential acts.  (*e.g.*, FAC ¶¶ 22-23.)  Because some of Plaintiff's alternative "something else" allegations do not support liability, Plaintiff fails to state a claim.

A Plaintiff who makes a list of "and/or" allegations fails to state a claim if any of the alternative possibilities fail to state a claim.  *See, e.g., Patterson v. Novartis Pharms. Corp*., No. 10-5886, slip op. at 4 (6th Cir. Aug. 23, 2011); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 n.9 (8th Cir. 2009) ("Because this

section refers to all plaintiffs and uses the 'and/or' formulation, it does not connect

any particular plaintiff to any particular allegation"); *Gevo, Inc. v. Butamax*

*Advanced Biofuels LLC*, No. 1:12-cv-01724-SLR, slip. op. at 3-4, 6-7 (D. Del. Jul.

8, 2013); *AllGood Entertainment, Inc. v. Dileo Entertainment and Touring, Inc.*,

726 F. Supp. 2d 307, 317-18 (S.D.N.Y. 2010) (disregarding "and/or" allegations as

mere possibilities); *Pa. Empls. Benefit Trust Fund v. AstraZeneca Pharm. LP*, No.

6:09-cv-5003-Orl-22DAB, slip op. at 5-6 (M.D. Fla. July 20, 2009).

   For example, in *Patterson*, the Sixth Circuit held that the plaintiff's

complaint "does not sufficiently allege that she received infusions of Aredia

manufactured by Novartis" where the plaintiff alleged receipt of "Aredia and/or

generic Aredia (pamidronate)."  No. 10-5886 at 4.  Affirming the district court's

dismissal, the court held that this "and/or" allegation:

> "…means that Patterson could have received only Aredia
> manufactured by Novartis. Or, she could have received both Aredia
> and generic Aredia, which would be sufficient to state a claim against
> Novartis. However, as pled, it is also entirely plausible that Patterson
> received infusions of only generic Aredia that Novartis did not
> manufacture: it is this possibility that is fatal to her complaint.
> Because the complaint only permits us to infer the possibility that
> Patterson received infusions of Aredia manufactured by Novartis, it
> fails to satisfy the pleading standards set forth in *Twombly* and *Iqbal*.
> Therefore, the district court properly granted judgment on the
> pleadings in favor of Novartis."

*Id.*

Motion to Dismiss - 7
© 2013 Matesky Law

Similarly, in *Gevo*, the plaintiff alleged claims for direct and indirect patent infringement against multiple defendants, including BP.  No. 1:12-cv-01724-SLR, slip op. at 6.  Gevo's complaint alleged that "…Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America had knowledge of the '733 Publication prior to the issuance of the '089 Patent" and that "…BP has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, Gevo's provisional patent rights in one or more of the claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization."  *Id.* at 4-5 (emphasis added).

The court held that these allegations were insufficient to state a claim against BP that required "actual notice of the published patent application."  *Id.* at 7.  The court wrote that, "Gevo's equivocal assertion of 'knowledge'-'on information and belief' - is not buttressed by any specific facts and is even further diluted by the use of 'and/or' in the paragraph….In this regard, given Gevo's use of the word 'or' in paragraph 28 and the lack of factual allegations, clearly it might not be BP at all who had knowledge of the '733 application prior to litigation."  *Id.*[2]

---

[2]  The *Gevo* court also dismissed claims for secondary liability and willful infringement for failure to plead factual details making BP's alleged scienter plausible.  *Id.* at 9-12.

Motion to Dismiss - 8
© 2013 Matesky Law

1    Plaintiff's FAC suffers from the same defects.  Plaintiff's paragraph 22

2    encapsulates the equivocal and hypothetical nature of Plaintiff's complaint:

3
4        Defendants have each played <u>at least one of the following roles</u> in
         connection with the use of BitTorrent to unlawfully download
5        Plaintiff's motion picture: 1) <u>some or all</u> Defendants are a group of
         BitTorrent users or peers whose computers are collectively
6        interconnected and used for illegally copying and distributing
7        Plaintiff's motion picture; 2) <u>some or all</u> Defendants contributed to the
         infringement of Plaintiff's copyrights by others; and 3) <u>some or all</u>
8        Defendants permitted, facilitated <u>and/or</u> promoted the use of the
         internet access identified by their IP address for the infringing of
9        Plaintiff's exclusive rights under The Copyright Act by others.
10

11   (FAC ¶ 22 (emphasis added).)  This ambiguity pervades Plaintiff's allegations, *id.*

12
13   ¶¶ 23-24, 109-10, 115, 118, 136 140, 142-43, and causes of action, *id.* at 17-19.

14       Plaintiff inherently concedes the possibility that <u>none</u> of the Defendants used

15   BitTorrent to upload, download, or share Plaintiff's movie, and that <u>none</u> of the

16
17   Defendants contributed to, promoted, or facilitated others' infringement.  Rather,

18   Plaintiff's complaint merely alleges that, at the very least, each Defendant

19
20   "permitted" another to infringe.

21       Yet, Plaintiff does not even allege that Defendants <u>knowingly</u> "permitted"

22   any infringement to occur.  Plaintiff does not allege that any Defendant knew that

23
24   Plaintiff's film was being infringed using Defendant's Internet account, or that any

25

26

27   Motion to Dismiss - 9
28   © 2013 Matesky Law

infringement occurred via such account.[3]  Nor does Plaintiff allege that any Defendant had the right or ability to stop the alleged direct infringement.

Of course, it is not surprising that Plaintiff fails to allege such facts, because Plaintiff has no clue what any Defendant did or did not do, know, or intend regarding any alleged infringement.  Even assuming, *arguendo*, that Plaintiff's pre-filing investigation is reasonably accurate, the most Plaintiff can allege is that each Defendant signed up for Internet service, and somebody ended up using that service to transfer some portion of Plaintiff's movie.

And, ultimately, despite all the horrible hypothetical actions that Plaintiff alleges some Defendants <u>might have</u> engaged in, Plaintiff's complaint boils down to the following unambiguous allegations: Internet piracy is "commonly known" and each Defendant failed to somehow prevent piracy from occurring via his or her Internet account.  (FAC ¶¶ 112-13, 137.)  If those allegations do not state a claim

---

3 Plaintiff does allege that "[e]ach Defendant knew or should have known the infringing conduct observed by Plaintiff was unlicenced and in violation of plaintiff's copyrights."  (FAC ¶ 139.)  However, this does not actually alleged that Defendants knew the alleged infringement was occurring, but merely that such conduct was unlicensed.  Indeed, Plaintiff pleads no facts plausibly support a claim that Defendants had actual knowledge of infringement.

for relief, then Plaintiff's FAC fails to state a claim for relief.

**B.**     <u>**Plaintiff Fails to Allege Claim for Secondary Copyright Liability**</u>

The Supreme Court and the Ninth Circuit have identified and developed two doctrines by which a defendant can be held liable for the infringement of another: Contributory Infringement and Vicarious Infringement.  Plaintiff fails to state a claim under either doctrine.

Contributory infringement requires intent to aid in direct infringement.  The Ninth Circuit and the Supreme Court have articulated tests by which a plaintiff can demonstrate such intent.  These are not contradictory tests, but merely different means to evaluate the presence of a necessary element—intent—in different factual circumstances.  *See Perfect 10, Inc. v. Visa Int'l Serv. Assoc.,* 494 F.3d 788, 795 (9th Cir. 2007) ("*Visa*").  Plaintiff fails to plead any facts demonstrating that Defendants possessed the requisite intent.  Vicarious infringement requires a defendant to have (1) a direct financial interest in the direct infringement, and (2) the right and ability to supervise and control the direct infringement.  *Id.* at 802.  Plaintiff has pleaded neither element of a vicarious copyright infringement claim.

**1.**     **Plaintiff Fails to Allege Contributory Infringement**

The Supreme Court and the Ninth Circuit have applied different tests for contributory copyright infringement depending on the circumstances.  Each test is

designed to show that a Defendant intentionally encouraged direct infringement. There is <u>always</u> a scienter requirement, and generalized knowledge of infringement is insufficient for liability.  Plaintiff fails to allege this scienter element, or facts meeting any of the context-specific iterations of the contributory infringement test.

    a. <u>Plaintiff's Allegations Fail to Meet the *Sony* Test</u>

  In *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417 (1984), the Supreme Court concluded that a defendant VCR manufacturer can be held liable for infringing use of its product if the product is not capable of substantial non-infringing uses.  *Id.* at 442.  Because the VCRs distributed by the defendant <u>were</u> capable of substantial non-infringing uses, the defendant could not be held liable for contributory infringement.  *Id.*  The Court later explained that the Sony test "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent."  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("*Grokster*").  "In sum, where an article is 'good for nothing else' but infringement,…there is no legitimate public interest in its unlicensed availability, and there is no injustice in presuming or imputing an intent to infringe" *Id.* (internal citations omitted).  Understandably, Plaintiff does not allege that Internet access is "good for nothing else" but infringement.

Motion to Dismiss - 12
© 2013 Matesky Law

1    Accordingly, Plaintiff fails to allege facts on which Defendants can be held liable

2    for contributory infringement under the *Sony* test.

3                    b.    Plaintiff Fails to Allege Intentional Inducement

4

5          In *Grokster*, the Supreme Court expanded upon the test set forth in *Sony*, and

6    held that a defendant may be held liable for contributory infringement for "actively

7    encouraging (or inducing) infringement through specific acts."  More specifically,

8    the Court held "that one who distributes a device with the object of promoting its

9

10   use to infringe copyright, as shown by clear expression or other affirmative steps

11   taken to foster infringement, is liable for the resulting acts of infringement by third

12

13   parties."  545 U.S. at 919.  To impose liability on this basis, "contribution to

14   infringement must be intentional."  *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d

15   701, 727 (9th Cir. 2007) ("*Amazon.com*") (citing *Id.* at 930).  Such intent may be

16

17   shown where a defendant "knowingly takes steps that are substantially certain to

18   result in…direct infringement."  *Amazon.com*, 487 F.3d at 727.

19

20         In addressing the intent requirement, the *Grokster* Court held that, "where

21   evidence goes beyond a product's characteristics or the knowledge that it may be

22

23   put to infringing uses, and shows statements or actions directed to promoting

24   infringement, *Sony's* staple-article rule will not preclude liability."  *Id.* at 935.

25

26   There were ample such "statements or actions" at issue in *Grokster*: the defendants

27

28   Motion to Dismiss - 13
     © 2013 Matesky Law

had "responded with guidance" to inquiries about playing copyright protected

movies, "clearly voiced the objective that recipients use [their software] to

download copyrighted works, and each took active steps to encourage

infringement," and "sent users a newsletter promoting its ability to provide

particular, popular copyrighted materials." *Id.* at 923-25.  Indeed, one of the

defendants had stated that "[t]he goal is to get in trouble with the law and get sued.

It's the best way to get in the new[s]." *Id.* at 925.

The Court held such actions sufficient to impose liability for intentional

inducement of infringement.  However, the Court made clear that its opinion only

applies to defendants who have <u>intentionally</u> promoted direct infringement,

holding that "mere knowledge of infringing potential or of actual infringing uses

would not be enough here to subject a distributor to liability."  *Id.* at 937.

In contract, Plaintiff's allegations fall squarely into the category of actions

that the *Grokster* court held "would not be enough" to subject a defendant to

liability.   Plaintiff alleges no "affirmative steps taken to foster infringement" or

"steps that are substantially certain to result in…direct infringement."  Plaintiff

merely alleges that Defendants signed up for an Internet account, and failed to

prevent the account from being used for infringing purposes.  These are not acts

"substantially certain to result in" direct infringement.  *See Visa,* 494 F.3d at 802

Motion to Dismiss - 14
© 2013 Matesky Law

(allegations that defendant induced use of credit cards, sometimes used to pay for infringing works, insufficient to state claim for inducement liability).

c.    Plaintiff Fails to Allege Knowledge
Plus Material Contribution to Infringement

The *Grokster* opinion is clear that knowledge of infringement is not enough for secondary liability.  545 U.S. at 937.  Nonetheless, the Ninth Circuit has held that an operator of a computer network can be liable for contributory infringement where the operator (1) has <u>actual</u> knowledge of <u>specific</u> infringing activity, (2) has the ability to take simple measures to prevent such infringement, and (3) fails to enact such simple measures to prevent such infringement.  *Amazon.com,* 487 F.3d at 729 (citing *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1022 (9th Cir. 2001) ("*Napster*"); *Religious Tech. Center v. Netcom On-Line Comm'cn Servs., Inc.*, 907 F. Supp. 1361, 1375 (N.D. Cal. 1995) ("*Netcom*")); *see also Visa,* 494 F.3d at 795-96, 800-02.  The *Amazon.com* court notes this standard is consistent with *Grokster*'s intent requirement if applied where a defendant's knowing failure to prevent specific infringement is sufficient to impute intent.  Because Plaintiff fails to allege specific knowledge of infringement or the existence of simple means to prevent infringement, Plaintiff fails to state a claim under this standard.

First, Plaintiff fails to allege that any Defendant had specific knowledge of infringement.  Rather, Plaintiff alleges that "Internet piracy and the use of the

© 2013 Matesky Law

internet to conduct illegal activity are commonly known" such that "Defendants were on notice of the need to limit the use of their IP address to legal and authorized activity."  (FAC ¶¶ 112-13.) At best, Plaintiff pleads general knowledge that some people use the Internet to infringe.  That is simply not good enough.

   *Sony* and *Grokster* tell us that knowledge of a product's <u>potential</u> for infringing uses is not sufficient to conclude that the provider of the product intended to promote infringement, if the product also has substantial non-infringing uses.  The *Grokster* court also held that a defendant's knowledge of actual infringement would be insufficient for contributory liability without further evidence of the defendant's intent to promote infringement.  545 U.S. at 937.  The Ninth Circuit also requires more, holding that "a computer system operator can be held contributorily liable if it 'has *<u>actual</u>* knowledge that *<u>specific</u>* infringing material is available using its system,'… and can 'take simple measures to prevent further damage' to copyrighted works…yet continues to provide access to infringing works."  *Amazon.com, Inc.*, 487 F.3d at 729 (emphasis in *Amazon.com*) (citing *Napster,* 239 F.3d at 1022; *Netcom,* 907 F. Supp. at 1375.)

   In *Amazon.com*, the plaintiff had provided infringement notices to the defendant, and there were disputed factual issues regarding these notices preventing a determination whether the defendant had actual knowledge of specific

Motion to Dismiss - 16
© 2013 Matesky Law

1   infringing material. *See Amazon.com, Inc.*, 487 F.3d at 729. In contrast, Plaintiff

2   does not allege that it provided notice of infringement to any Defendant, or that

3
4   any Defendant had knowledge of specific infringement through other means.

5       Plaintiff also fails to allege that any Defendant can "take simple measures to

6   prevent further damage," as required by Ninth Circuit law. In *Amazon.com*, the

7   court remanded for further proceedings regarding whether "reasonable and feasible

8
9   means" existed for the defendant to refrain from providing access to infringing

10  images. Plaintiff alleges nothing regarding whether Defendants have such means.

11
12  Thus, Plaintiff fails to allege a claim for contributory copyright infringement.

13          **2.      Plaintiff Fails to Allege Vicarious Infringement**

14
15      Plaintiff alleges neither element required to state a claim for vicarious

16  infringement. Vicarious infringement requires the defendant to have (1) the right

17  and ability to supervise the infringing conduct, and (2) a direct financial interest in

18
19  the infringing activity. *See Visa*, 494 F.3d at 802*; see also Grokster*, 545 U.S. at

20  930 n. 9. Plaintiff alleges no facts regarding Defendant's right or ability to

21
22  supervise alleged direct infringement. Similarly, Plaintiff makes no allegation that

23  any Defendant has a financial interest in any direct infringement. Thus, Plaintiff

24
25  has failed to state a claim for vicarious copyright infringement.

26

27
28

### C.     Dismissal With Prejudice is Warranted

Plaintiff's FAC should be dismissed because it fails to state a claim on which relief may be granted, as discussed above.  Furthermore, such dismissal should be with prejudice, because the procedural history makes clear that Plaintiff cannot ethically allege any facts that would cure this defect.  *See Lee v. County of Los Angeles*, 240 F.3d 754, 773 (9th Cir. 2001) (affirming dismissal with prejudice where "it appears that plaintiffs' claims…cannot be cured by amendment").

Plaintiff represented to the Court that obtaining the names and contact information for Internet subscribers would allow Plaintiff to name and serve the defendants in this suit.  In fact, Plaintiff represented that it had "no means" to identify the alleged infringers other than the Court's subpoena power.  (First Mot. to Expedite Discovery (ECF No. 4) at 4.)  Now, Plaintiff has obtained the requested information, has amended its complaint, and still cannot allege facts sufficient to state a claim for relief.  There is no reason to belief that Plaintiff has a basis to allege facts that would state a claim for relief. Thus, there is no benefit to granting Plaintiff leave to amend, and dismissal with prejudice is proper.

### D.     Alternatively, Plaintiff Should Submit a More Definite Statement

If the Court declines to dismiss the FAC with prejudice, Plaintiff should be ordered to submit a more definite statement clarifying its allegations against each

Motion to Dismiss - 18
© 2013 Matesky Law

Defendant.  Fed. R. Civ. P. 12(e) authorizes defendants to "move for a more

definite statement of a pleading to which a responsive pleading is allowed but

which is so vague or ambiguous that the party cannot reasonably prepare a

response."  The Ninth Circuit has commented on such statements as follows:

> [C]onfusing complaints…impose unfair burdens on litigants and
> judges. As a practical matter, the judge and opposing counsel, in order
> to perform their responsibilities…must prepare outlines to determine
> who is being sued for what. Defendants are then put at risk that their
> outline differs from the judge's, that plaintiffs will surprise them with
> something new at trial which they reasonably did not understand to be
> in the case at all, and that res judicata effects of settlement or
> judgment will be different from what they reasonably expected.

*McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (upholding dismissal for

failure to comply with order to "file a pleading 'which clearly and concisely

explains which allegations are relevant to which defendants.'").  These concerns

are amplified in this case, where individual defendants with no litigation

experience are forced to defend against a confusing complaint.

        In order to remedy the FAC, Plaintiff should be ordered to clarify its

allegations as follows: (1) Whether each Defendant copied the audiovisual work in

question; (2) Whether each Defendant uploaded the audiovisual work in question;

(3) Whether each Defendant downloaded the audiovisual work in question;

(4)Whether and when each Defendant had specific knowledge of any alleged

instances of infringement occurring via Defendant's Internet account; (5) How

Motion to Dismiss - 19

© 2013 Matesky Law

each Defendant obtained specific knowledge of any alleged instances of infringement occurring via Defendant's Internet account; (5) Whether and when each Defendant had simple and feasible means available to prevent any alleged instances of infringement occurring via Defendant's Internet account, and the specific nature of any such means; (6) Whether, when, and how each Defendant intentionally induced any alleged instances of infringement occurring via Defendant's Internet account; and (7) what legal theory (e.g., contributory infringement, vicarious infringement) is alleged in any claim for relief.

IV.    **CONCLUSION**

For the reasons set forth above, Defendants respectfully submit that Plaintiff's FAC fails to state a claim on which relief can be granted, and should be dismissed with prejudice.  In the alternative, Plaintiff should be ordered to submit a more definite statement detailing precisely what it alleges each Defendant has done, as set forth above.

Respectfully submitted this 1st day of November, 2013

MATESKY LAW PLLC

/s/ Michael P. Matesky, II

Michael P. Matesky, II
(WSBA# 39586)
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.702.0332
Email: mike@mateskylaw.com;

Motion to Dismiss - 20
© 2013 Matesky Law

1

litigation@mateskylaw.com

Attorney for Defendants Josephine
Geroe and David Starr

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Dismiss - 21
© 2013 Matesky Law

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system on the date stated below, which will cause the foregoing to be electronically served on all parties of record who have consented to such electronic service.

I hereby certify that I have served the foregoing on the following parties via U.S. First Class Mail to the following addresses:

Jessi Galloway
13110 N. Addison, Apt G306
Spokane, WA 99208

Racheal Graham
1504 W. Gardner Ave
Spokane, WA 99201

Robert Luttrell
40810 N. Bruce Road
Elk, WA 99009

Ryan Hintz
69204 N. SR 225
Benton City, WA 99320

Chrisann Ogden
114 E. Graves Road
Spokane, WA 99218

Kurt Ogden
114 E. Graves Road
Spokane, WA 99218

Dated this 1st day of <u>November</u>, 2013    <u>/s/ Michael P. Matesky, II</u>
                                                Michael P. Matesky, II

Certificate of Service