MICHAEL P. MATESKY, II
(WSBA# 39586)
MATESKY LAW PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph:  206.701.0331
Fax: 206.701.0332
Email: mike@mateskylaw.com;
        litigation@mateskylaw.com

HONORABLE THOMAS O. RICE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC, | NO.  2:13-CV-00115-TOR |
| Plaintiff, | REPLY IN SUPPORT OF MOTION TO DISMISS, OR FOR MORE DEFINITE STATEMENT, BY DEFENDANTS JOSEPHINE GEROE AND DAVID STARR |
| v. | |
| CHARLES BROWN, et. al., | |
| Defendants. | |

## I.    <u>INTRODUCTION</u>

Plaintiff admits that its third claim is not supported by any current law. (Pl's. Opp., ECF No. 85, at 18.)  Plaintiff asks this Court to break new ground by recognizing a new form of "indirect" liability.  (*Id.* at 14-18.)  Plaintiff fails to cite any case that would support its theory, and its analogies to existing doctrines miss the mark.  Plaintiff appears to hope it can unlock the doors to discovery by asserting a novel claim, because it has no basis for alleging accepted claims against Defendants.  Because Plaintiff's third claim is meritless, it should be dismissed.

Plaintiff argues that its first and second claims should proceed even if its third claim is dismissed, claiming that it has satisfied the alternative pleading requirements of Rule 8.  (*Id.* at 7.)  Yet, Plaintiff must still plead facts plausibly supporting its first and second claims, even if they are pled in the alternative. Plaintiff has not done so, and its first and second claims should be dismissed.

## II.    <u>ARGUMENT</u>

### A.    <u>Plaintiff's Third Claim is Legally Meritless</u>

Plaintiff's third claim should be dismissed because Plaintiff fails to allege a cognizable legal theory or facts sufficient to support its meritless legal theory.  *See Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1126 (W.D. Wash. 2010) ("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory.")

### 1.    Novelty is Not a Shield to Dismissal

Plaintiff acknowledges that its third claim is not based on an accepted legal theory (Pl's Opp. at 16-17), and cites no case law supporting its theory. Nevertheless, Plaintiff argues that the Court should not dismiss its third claim because it is novel, citing *Electrical Const. & Maintenance Co., Inc. v. Maeda Pacific Corp.,* 764 F.2d 619, 623 (9th Cir. 1985) and *Baker v. Cuomo,* 58 F.3d 814, 818-19 (2d Cir. 1995), rev'd in part, 85 F.3d 919 (2nd Cir. 1996) (en banc).[1]

However, a novel legal theory does not provide immunity to a 12(b)(6) motion, and is not a skeleton key that "unlocks the doors of discovery" for any creative plaintiff. *See Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1328 n.15 (M.D. Ala. 2004) ("[T]he proposition that cases presenting novel legal theories are never to be dismissed for failure to state a claim…would eviscerate Rule 12(b)(6)'s appropriate place in the procedural rules…"); *Hendricks v. DSW Shoe Warehouse, Inc*., 444 F. Supp. 2d 775, 779, 783 (W.D. Mich. 2006) (dismissing "a novel effort…to assert claims which run afoul of established principles of Michigan law" where "there is reason to believe that Michigan's highest court would reject [the] novel legal

---

[1]  *Maeda* and *Baker* are distinguishable, as neither dismissal considered merits arguments from counsel.  *Maeda*, 764 F.2d at 622-23; *Baker*, 58 F.3d at 817-18.

Reply in Support of Motion to Dismiss - 2
© 2013 Matesky Law

theory…"); *League of Women Voters v. Quinn*, No. 1:11-cv-5569, slip op. at 8 (N. D. Ill. Oct. 28, 2011) (dismissing with prejudice a claim asserting a "novel legal theory based on a creative and nuanced reading of recent Supreme Court cases."); *Lieberman v. A&W Rests., Inc.*, No. 02-cv-2930-ADM-AGB, slip op. at 12 (D. Minn. May 28, 2003) (declining to "recognize a new cause of action," and noting that "even creative and inventive legal theories must comport with Rule 12 standards.").

Courts addressing nearly identical suits have dismissed claims attempting to broaden the scope of copyright liability.  *See, e.g., AF Holdings v. Rogers,* No. 3:12-cv-1519 BTM (BLM), slip op. at 4-6 (S.D. Cal. Jan. 29, 2013) (dismissing negligence claim; ordering more definite statement regarding direct infringement claim); *Liberty Media Holdings, Inc. v. Tabora*, 1:12-cv-02234-LAK, slip. op. at 4-6 (S.D.N.Y. July 9, 2012) (dismissing negligence claim); *Millennium TGA, Inc. v. Comcast Cable Commc'ns, LLC*, 286 F.R.D. 8, 14 (D.D.C. 2012) (collecting cases rejecting civil conspiracy claims); *Pacific Century Int'l Ltd. v. Does 1-37*, 282 F.R.D. 189, 195 (N.D. Ill. 2012) (rejecting civil conspiracy claim).

2.    Plaintiff's Proposed Expansion of Law is Unwarranted

Plaintiff's primary argument is that the Supreme Court has occasionally recognized new tests for secondary copyright liability, and could conceivably accept Plaintiff's new theories.  (Pl.'s Opp. at 11-14.)  However, in such cases, the

1    Court simply applied an established doctrine to the copyright case before it.  *Sony*

2    *Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 440-42 (1983) (importing

3
     "staple article" doctrine from patent law); *Metro-Goldwyn-Mayer Studios Inc. v.*
4

5    *Grokster, Ltd.*, 545 U.S. 913, 935-36 (2005) (importing "intentional inducement"

6    doctrine from patent law).  In contrast, Plaintiff asks this Court to bless an entirely

7
     new theory, without citing a single case supporting or applying its theory.
8

9            3.    Plaintiff's "Third-Party Beneficiary" Theory is Invalid

10
            Plaintiff argues that Defendants are "indirectly" liable to Plaintiff for any
11

12   infringement using their Internet accounts because Defendants entered into a

13   contract with their ISPs prohibiting unlawful use of their Internet service.  (Pl.'s

14
     Opp. at 14-16.)  At best, this theory would support a breach of contract claim—not
15

16   a copyright claim—but Plaintiff has not even pled facts supporting its theory.

17
             a.    **Plaintiff's Theory is a Breach of Contract Theory**
18

19          Plaintiff's reliance on the "third-party beneficiary" doctrine is misplaced,

20   because it is not a doctrine by which one can be held liable for the acts of another.

21
     Rather, it is a doctrine that allows a non-signatory to a contract to enforce the contract.
22

23    *See Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681-82 (9th Cir. 2009) (upholding

24   dismissal of third-party beneficiary claim).  There is no support in *Sony*, *Grokster*, or
25

26   any other precedent—and Plaintiff cites no authority—suggesting that a copyright

27
     Reply in Support of Motion to Dismiss - 4
28   © 2013 Matesky Law

claim can merge with a breach of contract claim, or that the third-party beneficiary

doctrine can be used to impose secondary or vicarious liability for a tortious act.

             **b.**     **Plaintiff Fails to Allege Facts**
                   **Supporting its Third-Party Beneficiary Theory**

        Additionally, Plaintiff's third claim should be dismissed because Plaintiff

fails to allege facts supporting its theory.  *See Noble v. Chambers*, No., 3:13-CV-

130-JRS, slip op. at 9-11 (E.D. Va. 2013) (dismissing claim where plaintiff fails to

plead sufficient facts to support novel theory).  Plaintiff's theory assumes that (1)

Defendants entered into contracts prohibiting unlawful use of their Internet service

(2) intending to benefit Elf-Man LLC.  (Pl.'s Opp. at 14-16.)  Yet, Plaintiff alleges

neither of these elements.

        Plaintiff does not allege that any Defendant entered into a contract imposing

an affirmative duty to monitor Internet use, imposing strict liability for Internet

use, or otherwise prohibiting the alleged infringement.  Plaintiff merely alleges that

a "standard term for any account for service from an ISP is that such service may

not be used for illegal activity."  (First Am. Compl., ECF No. 26, ¶ 112.)  This

statement fails to allege that Defendants <u>actually</u> entered into a contract that

<u>actually</u> contained such a term.

        Similarly, Plaintiff fails to allege that Defendants and their ISPs intended for

Elf-Man LLC to have rights as a third-party beneficiary, or that Elf-Man LLC even

existed at the time such contracts were executed.  This is fatal to Plaintiff's theory.

 *See Cascade Timber Co. v. Northern Pac. Ry. Co.*, 184 P.2d 90, 28 Wn.2d 684,

701 (Wash. 1947) (for a third party to recover on a contract "it must appear to have

been the intention of the parties to secure to him personally the benefit of the

provisions of the contract."); *Wal-Mart*, 572 F.3d at 681-82.  At most, Plaintiff

would be an incidental beneficiary with no standing.  *See DC3 Entm't, LLC v. John*

*Galt Entm't, Inc.*, 412 F. Supp. 2d 1125, 1139 (W.D. Wash. 2006) ( "A third party

who is an incidental beneficiary of an agreement has no standing to enforce the

contractual obligations of that agreement, absent language expressly conferring a

benefit to that third party.").

Plaintiff cites no case supporting its third-party beneficiary claim.  Courts

addressing similar claims have rejected them.  *See Goddard v. Google, Inc.*, 640 F.

Supp. 2d 1193, 1201 (N.D. Cal. 2009) (Google terms of service did not create

third-party beneficiary status for plaintiff allegedly harmed by violation of terms);

*Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 545-46 (E.D. Va. 2003)

(same); *Agence France Presse v. Morel*, 1:10-cv-2730-AJN-MHD, slip. op. at 23

(S.D.N.Y. Jan 14, 2013) (Twitter terms of service "were not intended to confer a

benefit on the world-at-large…"); *Sondik v. Kimmel*, No. 30176/10, slip. op. at 11

(Sup. Ct. N.Y. Dec. 15, 2011) (dismissing third-party claim for violation of

Reply in Support of Motion to Dismiss - 6
© 2013 Matesky Law

YouTube terms of use); *Jackson v. Am. Plaza Corp.*, No. 1:08-cv-8909-PKC, slip op. at 8-11(S.D.N.Y. Apr. 28, 2009) (Craigslist.com terms of service did not create third-party beneficiary status for plaintiffs harmed by users' violation of terms).

### 4.    Plaintiff's Negligence Claim is Invalid

Plaintiff's argument that its third claim could survive on a negligence theory contradicts the weight of authority requiring actual or imputed intent (as opposed to mere negligence) or an agency relationship.  *See Grokster*, 545 U.S. at 937; *Perfect 10, Inc. v. Visa Int'l Serv. Assoc.*, 494 F.3d 788, 801-02 (9th Cir. 2007).  Moreover, Plaintiff has not pled the elements of a negligence claim, including that Defendants owed a duty to Elf-Man LLC.  *See Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) ("To recover for negligence, a plaintiff must establish: (1) duty; (2) breach; (3) causation; and (4) damages.").  Courts have rejected negligence claims in nearly identical contexts.  *See, e.g., Rogers,* No. 3:12-cv-1519 BTM (BLM), slip op. at 4-6; *Tabora*, 1:12-cv-02234-LAK, slip. op. at 4-6.

### B.    **Plaintiff's First and Second Claims are Factually Deficient**

Plaintiff's first and second claims should be dismissed because Plaintiff's allegations do not plausibly support those claims.  Plaintiff's first and second claims are based on Defendants' alleged sharing of Plaintiff's movie.  (*See* Pl.'s Opp. at 2.)  However, Plaintiff merely alleges that Defendants did <u>or did not</u>

engage in the alleged sharing, and has not pled facts that plausibly support Defendants' personal involvement in such sharing.  (*See* Defs.' Mot. Dismiss, ECF No. 76, at 3-4, 6-10.)

Plaintiff argues that its first and second claims can survive even though its complaint allows for the possibility that Defendants had no personal involvement in the sharing of Plaintiff's movie, because it has pled in the alternative under Rule 8.  (Pl.'s Opp. at 6-7.)  But Rule 8 is not a magic incantation that excuses Plaintiff from the plausibility requirements of *Twombly* and *Iqbal*. [2]   *See Noble v. Chambers*, No. 3:13-CV-130, slip. op. at 7-8 (E.D. Val. Jul. 2, 2013).

In *Noble*, the plaintiff alleged that one of several Sheriffs punched him, and that all Sheriffs present at the time failed to prevent or report the act.  *Id.* at 2-3.  The plaintiff alleged three claims against the (unidentified) Sheriff who punched him, and a conspiracy claim against the Sheriffs who failed to prevent or report the act.  *Id.* at 3.  The court dismissed the plaintiff's direct claims because he failed to plausibly allege that any particular defendant delivered the punch:

In this case, Plaintiff's claims in Counts One, Three, and Four each

---

[2]  Plaintiff cites no cases applying Rule 8 in a manner supporting Plaintiff's argument.  Plaintiff's citation to cases from 1944 and 1960 (Pl.'s Opp. at 7-8) gives no guidance regarding alternative pleading in light of *Twombly* and *Iqbal*.

Reply in Support of Motion to Dismiss - 8
© 2013 Matesky Law

fail because he has failed to show that it is plausible that any of the named Defendants is the one person who struck him. While Plaintiff has alleged facts that are consistent with the Defendants' liability for excessive force, battery, and gross negligence, he fails to plead factual allegations showing more than a sheer possibility that, merely because of their presence in the police station at the relevant time, each of the named Defendants is the one Sheriff who allegedly punched him.

*Id.* at 7.  The court held that the plaintiff failed to sufficiently plead in the alternative under Rule 8, because it was clear the plaintiff did not know if he had named the specific sheriff who had delivered the blow, and claims pled in the alternative under Rule 8 must allege sufficient facts to make such claims plausible.  *Id.* at 7-8.

The *Noble* court also held that it could not allow the case to proceed simply based on the possibility that the plaintiff could shore up its claims through discovery:

"It must be noted that Plaintiff's claim is not saved at this stage by the possibility that he will eventually be able to name or describe which sheriff struck him with the benefit of discovery. *See Lavender v. City of Roanoke Sheriffs Office,* 826 F.Supp.2d 928, 936 (W.D. Va. 2011)("the acknowledgment that [plaintiff] does not yet have specific facts to [support his § 1983 claim] and is seeking to engage in discovery to support his allegations ignores Iqbal's admonition that Rule 8 of the Federal Rules of Civil Procedure does not unlock the doors [of] discovery for a plaintiff armed with nothing more than conclusions")(citing *Iqbal,* 556 U.S. at 678-79)(internal quotations omitted).

*Id.* at 7 n.3.

Like the plaintiff in *Noble*, Plaintiff alleges that its rights have been violated by <u>someone</u>, but cannot say if it was Defendants who did it.  To paraphrase the

Reply in Support of Motion to Dismiss - 9
© 2013 Matesky Law

*Noble* court, "Plaintiff has alleged facts that are consistent with the Defendants'

liability for [direct and contributory copyright infringement], [but] fails to plead

factual allegations showing more than a sheer possibility that, merely because of

their [name on the Internet account], each of the named Defendants is the

one…who allegedly [shared Plaintiff's movie]." *See id.* at 7.

   Just like the plaintiff in *Noble*, Plaintiff attempts to cure this deficiency by

asserting a "novel" claim for failure to prevent the direct violation, and arguing that

it could cure deficiencies after discovery.  (Pl.'s Opp. at 14 n.3, 15.)  But creative

pleading cannot save a complaint that, on its face, lacks plausibility against the

actual Defendants named, and is not a key that unlocks the doors of discovery. [3]

III. **<u>CONCLUSION</u>**

   For the reasons set forth above, Defendants respectfully submit that

Plaintiff's First Amended Complaint fails to state a claim on which relief can be

granted, and should be dismissed with prejudice.

---

[3] Defendants will not address each of Plaintiff's mistaken statements at length.

However, Defendants do not concede that any IP address was assigned

"exclusively for their use." (*See* Pl.'s Opp. at 3).  Plaintiff's First Am. Compl.

(ECF No. 26) contains no such allegation.  Defendants do not assert any "willful

blind eye" defense (*see* Pl.'s Opp. at 3).  Plaintiff has not alleged willful blindness.

Reply in Support of Motion to Dismiss - 10
© 2013 Matesky Law

Respectfully submitted this 6th day of December, 2013

MATESKY LAWPLLC

/s/ Michael P. Matesky, II

Michael P. Matesky, II
(WSBA# 39586)
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.702.0332
Email: mike@mateskylaw.com;
        litigation@mateskylaw.com

Attorney for Defendants Josephine
Geroe and David Starr

Reply in Support of Motion to Dismiss - 11
© 2013 Matesky Law

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system on the date stated below, which will cause the foregoing to be electronically served on all parties of record who have consented to such electronic service.

I hereby certify that I have served the foregoing on the following parties via U.S. First Class Mail to the following addresses:

Jessi Galloway
13110 N. Addison, Apt G306
Spokane, WA 99208

Racheal Graham
1504 W. Gardner Ave
Spokane, WA 99201

Robert Luttrell
40810 N. Bruce Road
Elk, WA 99009

Ryan Hintz
69204 N. SR 225
Benton City, WA 99320

Chrisann Ogden
114 E. Graves Road
Spokane, WA 99218

Kurt Ogden
114 E. Graves Road
Spokane, WA 99218

Dated this 6th day of <u>December</u>, 2013

<u>/s/ Michael P. Matesky, II</u>
Michael P. Matesky, II

Certificate of Service