UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>     Plaintiff,<br><br> v.<br><br>CHARLES BROWN, et al.,<br><br>     Defendants. | NO:  13-CV-0115-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

  BEFORE THE COURT is a motion to dismiss filed by Defendants Josephine Geroe and David Starr ("Defendants") (ECF No. 76).  This matter was submitted for consideration without oral argument.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

  Plaintiff Elf-Man, LLC ("Plaintiff") has sued Defendants for infringing upon its copyright to a motion picture entitled *Elf-Man*.  Plaintiff's primary theory of liability is that Defendants illegally copied the movie via a peer-to-peer file sharing

ORDER ON MOTION TO DISMISS ~ 1

1    protocol known as BitTorrent.  In the alternative, Plaintiff alleges that Defendants

2    "indirectly infringed" upon its copyright by failing to prevent third parties from

3    copying the movie using their IP addresses.  In the instant motion, Defendants

4    move to dismiss Plaintiff's claims for indirect infringement for failure to state a

5    claim.  Defendants also seek dismissal of the entire Amended Complaint due to

6    defect in the manner in which Plaintiff has pled its claims.  For the reasons

7    discussed below, the Court will dismiss only the indirect infringement claims.

8                                           DISCUSSION

9         A motion to dismiss for failure to state a claim tests the legal sufficiency of

10    the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To

11    withstand dismissal, a complaint must contain "enough facts to state a claim to

12    relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

13    (2007).  "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s]

14    of the elements of a cause of action will not do."  *Id.* at 555, 557.  "A claim has

15    facial plausibility when the plaintiff pleads factual content that allows the court to

16    draw the reasonable inference that the defendant is liable for the misconduct

17    alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a plaintiff need not

18    establish a probability of success on the merits, he or she must demonstrate "more

19    than a sheer possibility that a defendant has acted unlawfully."  *Id.*

20

ORDER ON MOTION TO DISMISS ~ 2

1      A complaint must also contain a "short and plain statement of the claim

2  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

3  standard "does not require detailed factual allegations, but it demands more than an

4  unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

5  678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has

6  been satisfied, a court must first identify the elements of the plaintiff's claim(s) and

7  then determine whether those elements could be proven on the facts pled. The

8  court should generally draw all reasonable inferences in the plaintiff's favor, *see*

9  *Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it

10 need not accept "naked assertions devoid of further factual enhancement." *Iqbal*,

11 556 U.S. at 678 (internal quotations and citation omitted).

12     In ruling upon a motion to dismiss, a court must accept all factual allegations

13 in the complaint as true and construe the pleadings in the light most favorable to

14 the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979,

15 988 (9th Cir. 2001). The court may disregard allegations that are contradicted by

16 matters properly subject to judicial notice or by exhibit. *Id.* The court may also

17 disregard conclusory allegations and arguments which are not supported by

18 reasonable deductions and inferences. *Id.*

19     The Ninth Circuit has repeatedly instructed district courts to "grant leave to

20 amend even if no request to amend the pleading was made, unless ... the pleading

ORDER ON MOTION TO DISMISS ~ 3

1    could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

2    F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is

3    generous—the court "should freely give leave when justice so requires." Fed. R.

4    Civ. P. 15(a)(2).  In determining whether leave to amend is appropriate, a court

5    must consider the following five factors: bad faith, undue delay, prejudice to the

6    opposing party, futility of amendment, and whether the plaintiff has previously

7    amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995

8    (9th Cir. 2011).

9    **A. Alternative Pleading Under Rule 8(d)**

10        Federal Rule of Civil Procedure 8(d)(2) allows a plaintiff to assert multiple

11    claims "alternatively or hypothetically." Fed. R. Civ. P. 8(d)(2).  When multiple

12    claims are asserted in the alternative, a legal deficiency in one claim does not

13    defeat the remainder of the claims. *See* Fed. R. Civ. P. 8(d)(2) ("If a party makes

14    alternative statements, the pleading is sufficient if any one of them is sufficient.").

15    Alternative claims may be asserted "regardless of consistency" between theories of

16    liability.  Fed. R. Civ. P. 8(d)(3).

17        Defendants argue that the Amended Complaint should be dismissed in its

18    entirety due to a deficiency in the manner in which Plaintiff has pled its alternative

19    claims.  Specifically, Defendants suggest that Plaintiff's use of the phrase "and/or"

20    defeats an inference of liability as to any Defendant given that the third alternative

ORDER ON MOTION TO DISMISS ~ 4

1    claim for "indirect infringement" fails as a matter of law.  *See* ECF No. 76 at 6 ("A

2    plaintiff who makes a list of 'and/or' allegations fails to state a claim if <u>any</u> of the

3    alternative possibilities fail[s] to state a claim.") (emphasis in original).

4         The Court finds no deficiency in the pleading of Plaintiff's alternative

5    claims.  The Amended Complaint alleges that "Defendants and each of them have

6    illegally and without authorization from Plaintiff copied, downloaded, shared and

7    uploaded Plaintiff's motion picture using the BitTorrent system, and/or contributed

8    to or permitted, facilitated or promoted such conduct by others."  ECF No. 26 at ¶

9    23.  The Amended Complaint further specifies that each claim is "stated in the

10   alternative" and specifically cites Rule 8(d)(2) in conjunction with the indirect

11   infringement claim.  ECF No. 26 at 21, 23 & ¶¶ 150-176.  Notwithstanding its

12   occasional use of the phrase "and/or," the Amended Complaint specifically alleges

13   that each individual Defendant is liable for direct and contributory infringement.

14   *See* ECF No. 26 at 150-166.  These allegations distinguish this case from others in

15   which courts have read "and/or" allegations to preclude an inference of liability.

16   Accordingly, the Court reads the Amended Complaint to allege that each defendant

17   is liable for either (1) direct infringement and contributory infringement (First and

18   Second Claims); or, in the alternative, (2) indirect infringement (Third Claim).

19   The fact that the indirect infringement claim fails as a matter of law (discussed

20

ORDER ON MOTION TO DISMISS ~ 5

1  immediately below) does not warrant dismissal of the entire Amended Complaint.[1]

2  Fed. R. Civ. P. 8(d)(2).

3      **B. Indirect Infringement Claim**

4      Plaintiff alleges that Defendants are liable for "indirect infringement" of its

5  copyright for "fail[ing] to secure, police and protect the use of their internet service

6  against illegal conduct, including the downloading and sharing of Plaintiff's

7  motion picture by others." ECF No. 26 at ¶ 170. This is essentially a "fallback"

8  claim which applies to any Defendant who did not personally download the Elf-

9  Man movie. Plainly stated, Plaintiff's theory is that these Defendants are liable for

10 "permit[ing] other persons to access the Internet by way of their assigned IP

11 address[es] without adequate supervision and with apparent disregard of the

12 property rights of others." ECF No. 85 at 13.

13     Defendants have moved to dismiss this claim for lack of a cognizable legal

14 theory. Plaintiff concedes that this claim is not directly supported by any existing

15 precedent, *see* ECF No. 85 at 18, but maintains that its novel theory of "indirect"

16 infringement is viable under *Sony Corp. of America v. Universal City Studios, Inc.*,

17

18 [1] Defendants have not challenged the viability of Plaintiff's direct infringement and

19 contributory infringement claims. *See* ECF No. 76 at 1 (limiting scope of motion

20 to indirect infringement claim).

ORDER ON MOTION TO DISMISS ~ 6

464 U.S. 417 (1984), and *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005).  In Plaintiff's view, *Sony* and *Grokster* lay the groundwork for vicarious liability when a defendant fails to "secure" his or her internet access against copyright infringement committed by a third party.

The Court respectfully disagrees.  The underlying premise of Plaintiff's argument is that internet subscribers have an affirmative duty to ensure that their internet access cannot be used by a third party for an illegal purpose.  ECF No. 85 at 17-18.  Neither *Sony* nor *Grokster* supports such a sweeping premise.  In fact, these cases actually undermine Plaintiff's proposed rule.  *Sony* holds that vicarious liability for another's infringement cannot arise from the mere distribution of a product that is "widely used for legitimate, [non-infringing] purposes."  464 U.S. at 442.  There can be no serious dispute that internet access meets this description.  Thus, under *Sony*, the mere act of making internet access available to a third party (whether permissively or inadvertently) cannot give rise to vicarious liability for copyright infringement as a matter of law.

*Grokster* is even more compelling.  That case holds that vicarious liability may arise from *actively encouraging* a third party to use a product for an infringing purpose.  *See* 545 U.S. at 936-37 ("[O]ne who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of

infringement by third parties."). *Grokster* essentially carves out an exception to *Sony*'s "safe harbor" rule for persons who distribute a product capable of both infringing and non-infringing uses *with the intent that the product be used to infringe*. *Id.* at 937-41 & n. 12. Notably, the case holds that a mere "failure to take affirmative steps to prevent infringement," standing alone, cannot trigger vicarious liability. *Id.* at 939 n. 12. Thus, *Grokster* effectively forecloses any argument that private consumers have an affirmative obligation to prevent others from using their internet access for illegal copyright infringement.

Plaintiff suggests that Defendants may be vicariously liable for having "failed to secure their [internet] access as required by their ISP agreements." ECF No. 85 at 13-14 n. 3. The thrust of this argument is that Plaintiff is the "intended beneficiary" of a standard provision contained in the contracts between Defendants and their internet service providers which prohibits Defendants from using their internet access for illegal activity. ECF No. 85 at 14-15.

Assuming for the sake of argument that Defendants actually agreed to such a provision—and that Plaintiff is an intended beneficiary thereof—there is no basis for imposing vicarious liability. As the Supreme Court explained in *Sony*, holding a defendant vicariously liable for a third party's copyright infringement effectively expands the scope of the monopoly granted to the copyright owner into areas not specifically contemplated by the Copyright Act. *See* 464 U.S. at 440-42. Where,

for example, a copyright owner seeks to hold a VCR manufacturer vicariously liable for infringement facilitated by its product, a finding of liability effectively grants the copyright owner "the exclusive right to distribute" VCRs—a right not specifically granted by the Copyright Act. *Id.* at 441 n. 21. For this reason, courts faced with novel theories of vicarious liability must be "circumspect" in construing the scope of a copyright owner's monopoly. *Id.* at 431. The guiding principle is that the benefit conferred by the copyright owner's monopoly must "ultimately serve the cause of promoting broad public availability of literature, music and other arts." *Id.* at 432 (quoting *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975)).

Applying that principle here, the Court finds that holding private internet users vicariously liable for copyright infringement committed by a third party on an "intended beneficiary" theory runs counter to the underlying purpose of the Copyright Act. Instead of promoting the "broad public availability" of materials that can be accessed via the internet, such a policy would discourage consumers from purchasing private internet access for fear of being held liable for third-party copyright infringement. At bottom, *Sony* counsels that copyright owners must endure a certain level of infringement when the proposed remedy—an expansion of their monopolies—would unduly frustrate the public interest. That reasoning applies with particular force to Plaintiff's novel theory of "indirect infringement,"

ORDER ON MOTION TO DISMISS ~ 9

which would effectively expand Plaintiff's monopoly into the realm of private internet access.  Under *Sony*, such a result cannot stand.  Accordingly, the Court will dismiss Plaintiff's alternative claims for indirect infringement with prejudice for lack of a cognizable legal theory.

### C. Motion for a More Definite Statement

As an alternative to dismissal of Plaintiff's indirect infringement claim, Defendants have moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  In light of the foregoing, the Court need not address this alternative argument.

**IT IS HEREBY ORDERED:**

The motion to dismiss filed by Defendants Josephine Geroe and David Starr (ECF No. 76) is **GRANTED** in part and **DENIED** in part.  Plaintiff's claims for "indirect infringement" of its copyright (Third Claim for Relief) are **DISMISSED** with prejudice.  Plaintiff's claims for direct infringement (First Claim for Relief) and contributory infringement (Second Claim for Relief) remain pending.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and the pro se Defendants at their addresses of record.

**DATED** January 22, 2014.



THOMAS O. RICE
United States District Judge

ORDER ON MOTION TO DISMISS ~ 10