David A. Lowe
LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
206.381.3300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ELF-MAN, LLC,

Plaintiff,

v.

C.G. CHINQUE ALBRIGHT, et al.

Defendants.

Civil Action No. 13-cv-00115 TOR

PLAINTIFF'S MOTION FOR DEFAULT JUDMGENTS AND PERMANENT INJUNCTIONS AGAINST DEFENDANTS D. & B. BARNETT, HOUSDEN, LINT, RODRIGUEZ, TORRES AND WILLIAMS

8/18/14
Without Oral Argument

Pursuant to Fed. R. Civ. P. 55 and L.R 55.1(b), Plaintiff Elf-Man, LLC, hereby moves the Court for a default judgment and a permanent injunction against Defendants Dean Barnett, Brenda Barnett, Stephanie Housden, Andrew Lint, Carlos Rodriguez, Rafael Torres and Shannon Williams, each of which is subject to an Order of Default.

This motion is supported by following points and authorities, the record in this action, and the accompanying declaration of counsel.

MOTION FOR DEFAULT JUDGMENTS AND
PERMANENT INJUNCTIONS - 1
Civil Action No. 13-cv-00115
INIP-6-0002P03 DefJUDGMENT

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

BACKGROUND

Plaintiff brought this action for copyright infringement against a number of Doe defendants identified by Internet Protocol ("IP") addresses. After conducting preliminary discovery with respect to the identities of the subscribers assigned the subject IP addresses, Plaintiff filed its First Amended Complaint, which named various Defendants, including Brenda Barnett, Dean Barnett, Stephanie Housden, Andrew Lint, Carlos Rodriguez, Rafael Torres and Shannon Williams ("the defaulted Defendants"). (Dkt. No. 26) In its First Amended Complaint, Plaintiff alleges that it owns the rights in the protected work *Elf-Man*, (*id.*, ¶¶ 15-21), and that Defendants directly, indirectly or contributorily infringed Plaintiff's copyright in this district. (*Id.*, ¶ 24) Plaintiff's First Amended Complaint seeks the relief of statutory damages in the amount of $30,000 from each Defendant on its first and second claims for relief and, in the alternative, $750 from each Defendant on its third claim for relief. (*Id.*, ¶ 177)[1] Plaintiff also seeks costs and fees and injunctive relief. (*Id.*, ¶¶ 174-76)

Service of the First Amended Complaint was effected on the defaulted Defendants and proof of service field with the Court. (Dkt. Nos. 37, 42-47) When these Defendants had not answered or otherwise responded to the First Amended Complaint within the time required by law, Plaintiff forwarded written notice to each of these Defendant of its intent to seek entry of default against them as required by L.R. 55.1(a)(1). (Declaration of David A. Lowe, ¶ 2) When these Defendants still had not filed a response by November 27, 2013, Plaintiff filed motions for entry of default against Dean and Brenda Barnett, Stephanie Housden, Carlos Rodriguez, Rafael Torres and Shannon Williams on that date and against Andrew Lint on December 4, 2013. (Dkt. Nos. 87-92 and 99) The Court Clerk entered defaults against these Defendants on

[1] In its order granting in part and denying in part a motion to dismiss filed in this case, the Court dismissed the third claim for relief. In light of that ruling, Plaintiff does not rely upon that claim in seeking a monetary award in the present action.

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

or about December 3, 2013 for D. and B. Barnett, Housden, Rodriguez, Torres and Williams and on December 5, 2013 for Lint. (Dkt. Nos. 93-98 and 100) Plaintiff now moves for default judgment seeking the relief requested for in its First Amended Complaint.

## ARGUMENT

Once a default is entered against a party, all allegations other than damages are presumed to be true. *Geddes v. United Financial Gr*oup, 559 F.2d 557, 560 (9th Cir. 1977). As such, the allegations of plaintiff's complaint are deemed true and proven.

### 1. Plaintiff Has Proven Copyright Infringement

To prevail on a copyright infringement claim, a plaintiff must establish (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 US 340 (1991). Plaintiff's complaint, the allegations of which must be taken as true, establishes both of these elements. (Dkt. No. 26, ¶¶ 15-21, 22-26)

### 2. Defendants' Conduct Was Willful

Statutory damages, discussed below, may be increased if a defendant willfully infringed the plaintiff's copyright. 15 U.S.C. § 504(c)(2). The admitted facts of this case dictate that each Defendant willfully infringed Plaintiff's registered copyright, warranting enhanced statutory damages. (*Id*., ¶¶ 137-149, 150-166)

Defendants committed blatant and unabashed infringement of Plaintiff's copyrighted work. Proof of Defendants' culpability is clearly established through the pleadings. (*Id.*) Given their willful failure to appear in this action, Defendants have not presented a single piece of evidence to rebut plaintiff's allegations. Defendants have also failed to come forth with any viable defenses or assert even a solitary good faith

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

justification for their conduct in response to the claims of the complaint. Such inaction supports the merits of this action. Further, by refusing to participate, Defendants have denied Plaintiff the opportunity to explore the full scope of their infringing activity which may have included the distribution of countless copies of Plaintiff's work. Defendants' refusal to defend the allegations against them and avoid their judicial obligations supports the finding that their infringement was willful and the need to deter them from further infringing conduct through an award of attorney's fees and costs and the prayed for inunction. *Broadcast Music v. Spring Mt. Area Bavarian Resort*, 555 F.Supp.2d 537, 542 (E.D. Pa., 2008).

### 3. Plaintiff Seeks Injunctive Relief Against Defendants in Order to Prevent Continued Infringement

Plaintiff has sought and is entitled to an injunction pursuant to 17 U.S.C. § 501, et seq., enjoining Defendants from infringing its works. Section 502(a) authorizes an injunction to "prevent or restrain infringement of a copyright." Defendants by default have admitted to the willful conduct in this case, have been found liable for infringement in the instant action and likely possess the means to continue infringement in the future, meeting the court's requirements for issuing such an injunction. *Sega Enterprises Ltd. v. MAPHIA*, 948 F. Supp. 923, 940 (N.D. Cal. 1996). Section § 503(b) authorizes the "destruction or other reasonable disposition" of all copies made or used in violation of the copyright owner's exclusive rights. Therefore, Plaintiff is entitled to and requests the injunctive relief prayed for in the complaint.

Moreover, Defendants' actions to evade service and escape this court should be seen as a clear threat of continuing infringing conduct and, as such, entry of the injunctive relief requested is justified.

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### 4. The Prayed For Statutory Damages Award Is Proper

In copyright infringement cases a plaintiff may elect either actual or statutory damages. 17 U.S.C. § 504(a). "[S]tatutory damages are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc*., 357 Fed. Appx. 10, 11 (9th Cir. 2009), *cert. den.* 130 S. Ct. 2405 (2010); *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). The United States Supreme Court has held that an award of statutory damages within the limits prescribed by Congress is appropriate "even for uninjurious and unprofitable invasions of copyright." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).

Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c) derived from defendants' willful infringement. Defendants knew that their conduct constituted willful infringement based on the allegations of the complaint. (Dkt. No. 26, ¶¶ 137-149, 150-166) "[A] willful infringer is exposed to a damage award higher not limited to [sic] the value of the copyright holder's losses and/or the infringer's benefits. Statutory damages for willful infringement have a punitive component of which the court must be mindful." *Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1103 (N.D. Cal. 2003).

The Copyright Act specifically provides for statutory damages in a sum of not less than $750 or more than $30,000, as the court considered just, but provides for increase of the award to $150,000 in cases of willful infringement. Under the facts of this case, there is every reason to believe that further discovery would confirm the willful nature of Defendants' copyright infringement. By refusing to appear and participate in this case, however, Defendants have intentionally foreclosed such opportunity making a statutory sum of $150,000 proper. *Jackson*, 255 F.Supp.2d at 1101. ("Plaintiff may elect statutory damages for copyright infringement regardless of the adequacy of evidence offered…").

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Given that an express purpose for Congress increasing the damages for copyright infringement of this type from $100,000 to $150,000 was to act as a deterrent for the ***exact conduct*** of Defendants in this case,[2] Plaintiff respectfully submits that to deny a significant award of statutory damages in this case would thwart the intent of Congress, negating the specific intent that such damages should deter others, perpetuating the notion that online theft is as much a right as many parties seem to believe it is. Nevertheless, Plaintiff seeks only $30,000—not the larger $150,000 amount allowed willful damages.

## 5. Plaintiff Seeks an Award of Reasonable Attorney Fees and Costs Pursuant to Statute

Plaintiff seeks attorney fees under 17 U.S.C. § 505, an award which is proper and within the Court's discretion. In a copyright action it is proper for the Court to award a prevailing Plaintiff reasonable attorney's fees and costs. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989) (*citing McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir.1987)). Plaintiff seeks reasonable attorney's fees and actual costs as verified in the accompanying declaration of counsel. (Lowe Dec. ¶¶ 7-15)

District courts should consider the following nonexclusive factors in determining an award of attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614

[2] *Privacy and Piracy: The Paradox of Illegal File Sharing on Peer-to-Peer Networks and the Impact of Technology on the Entertainment Industry*, Hearing Before the Permanent Subcommittee on Investigations of the Sen. Comm. On Governmental Affairs, 108th Cong., 1st Sess. 10 (2003).

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

(9th Cir. 2010); *see also Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir. 1994); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S. Ct. 1023, 1033 n. 19 (1994).

In the present case, Plaintiff's success is complete. The claims as deemed fully admitted are not frivolous. Plaintiff's motivation is to enforce its rights as it is active in the industry. Additionally, there is an express intent of the statute for costs and fees for the infringement such as conducted by the defendant.

While the time on this case as a whole is far in excess of that submitted, attorney fees sought have been specifically limited the costs and time spent for these particular Defendants and it should be recognized that such costs and fees are notably less than had Plaintiff not joined the several Defendants. (Lowe Dec. ¶ 15)

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter a judgment against the defaulted Defendants as prayed for in the First Amended Complaint, including:

A. Entry of permanent injunction enjoining these Defendants from infringing Plaintiff's rights in Plaintiff's motion picture, including without limitation by using the Internet to reproduce or copy Plaintiff's motion picture, to distribute Plaintiff's motion picture, or to make Plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff and further directing Defendants to destroy all unauthorized copies of Plaintiff's motion picture.

B. For statutory damages pursuant to 17 U.S.C. § 504 in the amount of $30,000 against each defaulted Defendant.

C. For Plaintiff's reasonable attorney's fees in the amount of $3,365 for 7.7 hours of work per defaulted Defendant and actual costs per Defendant as follows:

| | |
|---|---|
| D. Barnett | $32.50 |
| B. Barnett | $32.50 |

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| Housden | $69.25 |
| Lint | $75.52 |
| Rodriguez | $90 |
| Torres | $75.52 |
| Williams | $40 |

RESPECTFULLY SUBMITTED this 27th day of June, 2014.

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Elf-Man, LLC

MOTION FOR DEFAULT JUDGMENTS AND PERMANENT INJUNCTIONS - 8
Civil Action No. 13-cv-00115
INIP-6-0002P03 DefJUDGMENT

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 27, 2014 to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

In addition, service has been made on the following defaulted Defendants via U.S. Mail to the last known address:

Mr. Dean Barnett
Ms. Brenda Barnett
4051 S. Wenas Rd.
Selah, WA 98942

Ms. Stephanie Housden
1206 Millerdale Ave.
Wenatchee, WA 98801

Mr. Andrew Lint
43603 E. Red Mountain Rd.
Benton City, WA 99230

Mr. Carlos Rodriguez
1415 S. 6th St. Apt. F2
Sunnyside, WA 98944

Mr. Rafael Torres
4211 W. Prasch Ave.
Yakima, WA 98908

Ms. Shannon Williams
5209 E. Oregon Road
Elk, WA 99009

s/ David A. Lowe

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301