1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC, | NO:  13-CV-0115-TOR |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS AGAINST DEFENDANTS DEAN BARNETT, BRENDA BARNETT, STEPHANIE HOUSDEN, ANDREW LINT, CARLOS RODRIGUEZ, RAFAEL TORRES, AND SHANNON WILLIAMS |
| v. | |
| C.G. CHINQUE ALBRIGHT, et al., | |
| Defendants. | |

BEFORE THE COURT is Plaintiff's Motion for Default Judgments and

Permanent Injunctions against Defendants D. & B. Barnett, Housden, Lint,

Rodriguez, Torres and Williams (ECF No. 112). This matter was submitted for

consideration without oral argument.  The Court has reviewed the motion and the

record and files herein and is fully informed.

///

///

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH
LEAVE TO RENEW ~ 1

FACTS[1]

This is an action concerning alleged copyright infringement of a motion picture. Plaintiff Elf-Man, LLC, is a limited liability company that produced the motion picture at issue in this matter, *Elf-Man*. Defendants, originally identified as Does, are individual computer users, identified by their IP addresses assigned by Internet Service Providers ("ISPs") on the date and time at which the infringing activity was observed.

Plaintiff alleges that Defendants used BitTorrent, an interactive peer-to-peer file transfer technology protocol to copy, download, share, and upload Plaintiff's motion picture, or permitted, facilitated, or promoted such conduct by others. Peer-to-peer networks, in their most common form, are computer systems enabling users to make files stored on each user's computer available for copying by other users, to search for files stored on other users' computers, and to transfer exact copies of the files from one computer to another via the internet. The complaint alleges that Plaintiff has recorded each Defendant identified as actually copying and publishing Plaintiff's motion picture via BitTorrent, as Plaintiff's investigator has downloaded the motion picture from each Defendant. Plaintiff alleges that, upon information

---

[1] Unless otherwise noted, these facts are excerpted from Plaintiff's complaint and used for purposes of the instant motion only.

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH LEAVE TO RENEW ~ 2

and belief, each Defendant was a willing and knowing participant in the file transfer "swarm" at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright.

Plaintiff sued Defendants, claiming copyright infringement, contributory infringement, and indirect infringement of copyright. Plaintiff's First Amended Complaint requests damages of $30,000 from each Defendant pursuant to 17 U.S.C. § 504(c)(1) for its claims of infringement and contributory infringement, and damages of not more than the statutory minimum of $750.00 on its indirect infringement claim. Plaintiff also requests entry of permanent injunctions enjoining each Defendant from directly, contributorily or indirectly infringing Plaintiff's rights in Plaintiff's motion picture, and reasonable costs and attorney fees.

The Clerk of Court has entered orders of default for all Defendants named in the instant motion. Despite being properly served, as of the date of this Order, the Non-Appearing Defendants have not filed an answer or moved to set aside their default. Plaintiff now moves for default judgment seeking the relief requested in its First Amended Complaint.

DISCUSSION

Motions for entry of default judgment are governed by Federal Rule of Civil Procedure 55(b).  Rule 55(b)(1) provides that the Clerk of Court may enter default

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH LEAVE TO RENEW ~ 3

1  judgment when the plaintiff's claim "is for a sum certain or a sum that can be made

2  certain by computation." Fed. R. Civ. P. 55(b)(1). When the value of the claim

3  cannot be readily determined, or when the claim is for non-monetary relief, the

4  plaintiff must move the court for entry of default judgment. Fed. R. Civ. P.

5  55(b)(2). In such circumstances, the court has broad discretion to marshal any

6  evidence necessary in order to calculate an appropriate award. *See* Fed. R. Civ. P.

7  55(b)(2)(A)-(D). At the default judgment stage, well-pleaded factual allegations

8  are considered admitted and are sufficient to establish a defendant's liability, but

9  allegations regarding the amount of damages must be proven. *Geddes v. United*

10 *Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977); *Microsoft Corp. v. Lopez,* 2009 WL

11 959219 (W.D.Wash. 2009). The court must ensure that the amount of damages is

12 reasonable and demonstrated by the evidence. *See* Fed. R. Civ. P. 55(b); *Getty*

13 *Images (US), Inc. v. Virtual Clinics,* 2014 WL 358412 (W.D.Wash. 2014).

14      The entry of default judgment under Rule 55(b) is "an extreme measure."

15 *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). "As a general

16 rule, default judgments are disfavored; cases should be decided upon their merits

17 whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d

18 1183, 1189 (9th Cir. 2009). In determining whether to enter default judgment, a

19 court should consider the following factors: "(1) the possibility of prejudice to the

20 plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH
LEAVE TO RENEW ~ 4

the complaint; (4) the sum of money at stake in the action; (5) the possibility of a

dispute concerning material facts; (6) whether the default was due to excusable

neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure

favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72; *see*

*also United States v. VanDenburgh*, 249 F. App'x 664, 665 (2007).

The Court considers each of the factors in turn.

1. Possibility of Prejudice to Plaintiff

Despite having been properly served, the Non-Appearing Defendants have

failed to plead or otherwise defend.  As a result, Plaintiff's claims against them

cannot move forward on the merits, and Plaintiff's ability to obtain effective relief

has been prejudiced.  This factor weighs in favor of entering default judgment.

2. Merits of Plaintiff's Substantive Claims

Plaintiff's complaint alleges copyright infringement, contributory

infringement, and indirect infringement of copyright for Defendants' alleged

participation in a BitTorrent "swarm." However, given concerns raised in a related

case, the Court has serious doubts about the merits of Plaintiff's substantive

claims. In *Elf-Man, LLC v. Lamberson*, 2:13-cv-395-TOR, a case severed from the

instant case, Defendant Ryan Lamberson alleges, *inter alia*, in his answer and

counterclaim that Plaintiff purposely released *Elf-Man* into the bit torrent

environment knowing, authorizing and inviting its copying and distribution.

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH
LEAVE TO RENEW ~ 5

1    Lamberson alleges that Plaintiff Elf-Man, LLC, has brought no lawsuits making

2    direct accusations against an individual or organization of initially seeding the

3    work into the bit torrent, and produced Elf-Man on DVD without significant anti-

4    copying measures—nor has it issued any takedown notices. Lamberson further

5    alleges that Plaintiff has used investigative methods known to lead to false

6    positives, and engaged an "investigator" known for flawed and inaccurate data

7    harvesting techniques, and that the investigator is a defendant in a class action

8    lawsuit alleging fraud in connection with its relationship with a copyright owner

9    and law firm. The Court recognizes Lamberson's allegations are just that, nothing

10    has been proven to the Court. Though Elf-Man, LLC, ultimately voluntarily

11    dismissed its claims against Mr. Lamberson, questions remain about the nature of

12    its investigation into the defendants who allegedly downloaded and copied *Elf-*

13    *Man*. For these reasons, this factor weighs against default judgment.

14        3.  Sufficiency of the Complaint

15        The Court finds that the first amended complaint states a claim upon which

16    relief may be granted in that it is grounded in a cognizable legal theory and alleges

17    sufficient facts to support that theory.  This factor weighs in favor of entering

18    default judgment.

19    ///

20    ///

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH
LEAVE TO RENEW ~ 6

1    4. <u>Sum of Money at Stake</u>

2         Plaintiff has requested the highest amount of statutory damages available

3    under the Copyright Act, $30,000.  In a copyright infringement case, a plaintiff

4    may elect either actual or statutory damages. 17 U.S.C. § 504(a). Statutory

5    damages may be not less than $750 or more than $30,000, "as the court considers

6    just." 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the

7    burden of proving, and the court finds, that infringement was committed willfully,

8    the court in its discretion may increase the award of statutory damages to a sum of

9    not more than $150,000. In a case where the infringer sustains the burden of

10   proving, and the court finds, that such infringer was not aware and had no reason to

11   believe that his or her acts constituted an infringement of copyright, the court in its

12   discretion may reduce the award of statutory damages to a sum of not less than

13   $200." 17 U.S.C. § 504(c)(2).

14        Plaintiff argues that statutory damages may be increased if a defendant

15   willfully infringed the copyright, and that Plaintiff alleged in its complaint that

16   defendants willfully infringed the copyright, and facts in the complaint are

17   admitted as true. ECF No. 112 at 3-4. Plaintiff, while maintaining that it is entitled

18   to statutory damages of $150,000 because Defendants' conduct was willful, seeks

19   "only" $30,000 in statutory damages.

20

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH
LEAVE TO RENEW ~ 7

1    Insofar as Plaintiff's argument about increased statutory damages for willful

2    infringement is made to justify its request of $30,000 damages for each infringer,

3    the Court is unpersuaded. Plaintiff has alleged, *inter alia*, that "numerous

4    Defendants, either directly or indirectly, engaged in mass copyright infringement

5    of Plaintiff's motion picture," ECF No. 26 at 19; "Each Defendant knew or should

6    have known the infringing conduct observed by Plaintiff was unlicensed and in

7    violation of Plaintiff's copyrights," *id*.; "each Defendant whose conduct constitute

8    direct infringement was a willing and knowing participant in the swarm at issue

9    and engaged in such participation for the purpose of infringing Plaintiff's

10   copyright," *id*. at 20; "Defendants' conduct has been willful, intentional, in

11   disregard of and indifferent to Plaintiff's rights," *id*. at 22. In other words,

12   examined as a whole, Plaintiff has only very generally alleged willfulness—

13   without any specific allegations as to which defendants might have willfully

14   infringed or what behavior indicates their willfulness. Well pleaded allegations in a

15   complaint are deemed admitted on a motion for default judgment, *see Matter of*

16   *Visioneering Constr.*, 661 F.2d at 124, but the allegations must in fact be well

17   pleaded—Plaintiff's allegations on this point are not. Plaintiff's complaint only

18   alleges the most bare bones indication of willfulness, unsupported with factual

19   allegations indicating intent or knowledge of infringement. Furthermore, the first

20   amended complaint alleges only that at least some of the Defendants acted

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH
LEAVE TO RENEW ~ 8

willfully. Thus, Plaintiff acknowledges that some of the Defendants may have been involved only unintentionally with the swarm. The Court will not impute a state of mind to all Defendants based on such a pleading. Thus, Plaintiff's argument about willfulness, without more, is insufficient to sustain a finding that the Court should impose a $30,000 fine on each Defendant named in the instant motion.

5. <u>Possibility of Dispute as to Material Facts</u>

Given that the Non-Appearing Defendants have not answered the Complaint or otherwise participated in this case, there remains a possibility that material facts are disputed.  This factor weighs against entering default judgment.

6. <u>Whether Default is Attributable to Excusable Neglect</u>

The Court has no means of determining whether excusable neglect contributed to the default of the Non-Appearing Defendants.  Given that each of these Defendants was properly served, however, the Court will presume that excusable neglect did not play a role.  This factor weighs in favor of entering default judgment.

7. <u>Policy Favoring Decisions on the Merits</u>

Public policy clearly favors resolution of cases on their merits.  *Eitel*, 782 F.2d at 1472; *Westchester Fire*, 585 F.3d at 1189.  Nevertheless, this policy must eventually yield to the proper administration of justice.  Where, as here, a party

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH LEAVE TO RENEW ~ 9

fails to defend on the merits of a claim, entry of default judgment is generally an appropriate remedy.

However, in this case, where Plaintiff has requested sizable statutory damages, and where a companion case has called into question the merits of Plaintiff's substantive claims, the Court elects to exercise its power under Rule 55(b)(2) to "conduct hearings" to "determine the amount of damages" and "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). Accordingly, the Court directs Plaintiffs to brief and provide evidence supporting its substantive claims and amount of damages against each defaulting defendant separately. Upon a showing substantiating Plaintiff's claims against each Defendant, the Court will reconsider Plaintiff's motion for default judgment and request for attorney fees.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Default Judgments and Permanent Injunctions Against Defendants D. & B. Barnett, Housden, Lint, Rodriguez, Torres and Williams (ECF No. 112) is **DENIED with leave to renew.** Plaintiff is directed to submit a memorandum and evidence in support of its claims against each defaulting Defendant and in support of its request for damages on or before **October 6, 2014.**

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH
LEAVE TO RENEW ~ 10

1    The District Court Executive is hereby directed to enter this Order, provide

2  copies to counsel, and mail a copy to all unrepresented Defendants at their

3  addresses of record.

4    **DATED** September 3, 2014.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH
LEAVE TO RENEW ~ 11